**ENTERED**
**06/17/2008**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| DELORES W. BRANDT, | ) CASE NO. 08-80115-G3-7 |
| Debtor, | ) |

MEMORANDUM OPINION

The court has held a hearing on the "Reaffirmation Agreement" (Docket No. 11) filed by Ford Motor Credit Company ("FMC") in the above captioned case. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying approval of the reaffirmation agreement. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Delores W. Brandt ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 28, 2008.

Together with the petition in the instant case, Debtor filed her schedules of income and expenses. In Debtor's Schedule I, she lists herself as single, with no dependents. She lists monthly income of $2,455.00, from Social Security benefits and retirement benefits. In Debtor's Schedule J, Debtor lists

monthly expenses totaling $2,561.98.  These expenses include $350.18 per month in installment payments on an automobile. (Docket No. 1).

The court has previously approved Debtor's reaffirmation agreement with FMC, regarding a 2006 Ford Escape, which Debtor drives.  (Docket No. 12).

In the instant reaffirmation agreement, Debtor seeks to reaffirm a debt on a second vehicle, a 2004 Ford F150 Truck. Debtor testified that she co-signed a note with her daughter. She testified that her daughter drives the vehicle, and makes the payments on the vehicle.

## Conclusions of Law

A discharge in a Chapter 7 case does not extinguish a debt itself, but rather extinguishes the debtor's personal liability for the debt.  In re Edgeworth, 993 F.2d 51 (5th Cir. 1993).

Under Section 524(c) of the Bankruptcy Code, a debtor may reaffirm a debt, and thereby reestablish personal liability for the debt, if the agreement complies with the statutory requirements.  In re Rigal, 254 B.R. 145 (Bankr. S.D. Tex. 2000).

Under Section 524(m) of the Bankruptcy Code, the court may disapprove a reaffirmation agreement if a presumption of undue hardship applies, and the presumption is not rebutted to the satisfaction of the court.

2

In the instant case, Debtor's schedules and testimony indicate an inability to make the payments called for under the reaffirmation agreement. The court concludes that the presumption of undue hardship, which applies with respect to the reestablishment of Debtor's personal liability for the debt, has not been rebutted to the satisfaction of the court.[1]

Based on the foregoing, a separate Judgment will be entered denying approval of the reaffirmation agreement.

Signed at Houston, Texas on June 16, 2008.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

---

[1] The court notes that disapproving the instant reaffirmation does not effectuate a requirement that Debtor's daughter turn over the vehicle to FMC. According to Debtor's testimony, Debtor's daughter is directly liable to FMC, is not listed as Debtor's dependent, and is timely making the payments on the vehicle.